UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 18-1072(DSD/HB)

Pedro J. Becquer,

      Plaintiff,

v.                                                      **ORDER**

Mirantis, Inc. and Marque Teegardin,

      Defendants.

    Jeffrey S. Storms, Esq. and Newmark Storms Dworak, LLC, 100 South Fifth Street, Suite 2100, Minneapolis, MN 55402, counsel for plaintiff.

    Richard Greiffenstein, Esq., Michael J. Moberg, Esq. and Jackson Lewis, P.C., 225 South Sixth Street, Suite 3850, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion to dismiss counterclaims by plaintiff (and counterclaim defendant) Pedro J. Becquer. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

This employment dispute arises out of Becquer's brief tenure as an employee of defendant (and counterclaim plaintiff) Mirantis, Inc. In July 2015, Becquer accepted a job as an account executive with Mirantis. Am. Countercl. ¶¶ 6-8. At the time, Becquer was employed by NICE Systems, Inc. Id. ¶ 15. Becquer began working for Mirantis on August 10, 2015, even though he had not yet

resigned from NICE.[1]  Id. ¶ 8.

On August 17, 2015, Becquer signed Mirantis's Employee Proprietary Information and Invention Assignment Agreement (PIIAA), under which he agreed to certain "restrictions and obligations ... on [his] use and development of certain information, technology, ideas, inventions and other materials...."  Id. Ex. A at 1.  Among other things, Becquer specifically represented that he had "no other agreements or relationships with or commitments to any other person or entity that conflict with [his] obligations to [Mirantis] or under this Agreement, and that [his] performance under the terms of this Agreement will not require [him] to violate any obligation or confidence with another."  Id. ¶ 7.  He further agreed not to "enter into any oral or written agreement in conflict" with the PIIAA.  Id.

When Becquer accepted the offer of employment, he told Mirantis that he was still employed by NICE, but that he would resign after he received commissions earned from past work with NICE.  Id. ¶ 15.  According to Mirantis, Becquer explained that he would only remain a "de facto" employee of NICE pending receipt of his final commission payments.  Id.  Mirantis apparently understood this to mean that Becquer would devote his full time efforts to Mirantis while only formally remaining an employee of NICE.

---

[1]  Mirantis does not allege that it competes with NICE.

Becquer told his supervisor at Mirantis, Ed Hartman, that his last day at NICE would be September 30, 2018, but he continued to work for NICE thereafter. Id. ¶¶ 16, 17. When Hartman learned that Becquer remained a NICE employee after September 30, he told Becquer that his continued dual employment was unacceptable. Id. ¶ 18. Becquer responded that he would resign from NICE effective October 15, 2018, but he apparently did not do so. Id. ¶¶ 18, 19, 22.

On January 11, 2016, Becquer resigned from Mirantis after being promoted within NICE. Id. ¶ 21. At that point Mirantis learned that Becquer had remained a NICE employee throughout his tenure with Mirantis. Id. ¶¶ 22, 24. Mirantis alleges that it would have terminated Becquer had it been aware of that fact. Id. ¶ 23.

NICE was apparently completely unaware that Becquer was also working at Mirantis. Compl. ¶ 20; Am. Countercl. ¶ 24. According to Becquer, defendant Marque Teegardin, a Mirantis employee who had recruited him, was "extremely angry" that Becquer resigned his position with Mirantis. Compl. ¶¶ 17, 31, 32. Becquer alleges that Teegardin sabotaged his employment with NICE by disclosing his dual employment and encouraging NICE to terminate his employment. Id. ¶¶ 41-43. Thereafter, NICE fired Becquer and filed suit against him alleging breach of contract, breach of duty of loyalty,

3

and fraud.[2]

On April 23, 2018, Becquer filed this suit against Mirantis and Teegardin alleging tortious interference. Mirantis filed an answer and counterclaim on July 2, and later filed amended counterclaims alleging breach of contract, breach of duty of loyalty, and fraud. Becquer now moves to dismiss the counterclaims.[3]

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual

---

[2] That case settled after the court denied Becquer's motion for summary judgment. See NICE Sys., Inc. v. Becquer, No. 16-1759, 2017 WL 5634606 (D. Minn. Nov. 22, 2017).

[3] Teegardin has filed a motion to dismiss for lack of jurisdiction, which will be heard separately.

allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the PIIAA is properly considered by the court.

**II. Breach of Contract**

Mirantis alleges that Becquer breached the PIIAA by maintaining his employment with NICE and therefore failing to "devote his full business time and energies to the business and affairs" of Mirantis.[4] Am. Countercl. ¶ 33. The parties agree that the PIIAA is governed by and construed in accordance with California law. Id. Ex. A ¶ 11(b).

---

[4] Mirantis also alleges that Becquer breached the PIIAA by misrepresenting that he had resigned from NICE and by entering into an employment agreement with NICE. Am. Countercl. ¶ 33. The court finds that, even if the allegations are true, Becquer's conduct in this regard did not violate the PIIAA because it does not address general misrepresentations or pre-existing employment contracts.

5

Under California law, the elements for a breach of contract action are: "(1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of the breach." Buschman v. Anesthesia Bus. Consultants LLC, 42 F. Supp. 3d 1244, 1250 (N.D. Cal. 2014) (citing CDF Firefighters v. Maldonado, 70 Cal. Rptr. 3d 667 (Cal. Ct. App. 2008)).

Becquer argues that this claim must be dismissed because the PIIAA does not prohibit dual employment and because, in any event, Mirantis was aware of that dual employment. As to whether the PIIAA prohibits dual employment, the court finds that the PIIAA is ambiguous. Although it does not expressly prohibit dual employment, Paragraph 7 does prohibit other "agreements," "relationships," or "commitment[s]" to "any other person or entity" that would conflict with obligations Becquer had to Mirantis as an employee. Am. Countercl. Ex. A ¶ 7. That provision could reasonably be read to preclude dual employment that would conflict with Becquer's full-time obligations to Mirantis. The fact that the PIIAA's overall purpose is to protect Mirantis's proprietary information, id. at 1, does not undermine this conclusion given paragraph 7's broad language.

Although not directly addressed in the briefing, there is a valid question as to whether Mirantis waived any claim of breach because it was aware from the outset that Becquer would, at least

6

for a time, maintain his employment with NICE. There are factual disputes as to any such waiver, however, which prevent the court from resolving the issue at this juncture. Most notably, the parties disagree as to what Mirantis understood about Becquer's remaining obligations to NICE and the nature and scope of his ongoing work for NICE.

Becquer also argues that Mirantis has failed to state a claim for breach of contract because it has not adequately alleged a causal connection between the breach and any damages. The court disagrees. Mirantis has, in fact, expressly alleged damages tied to the breach, Am. Countercl. ¶¶ 33-35, which the court must accept as true for present purposes. As a result, the court must deny Becquer's motion to dismiss this claim.

### III. Breach of Duty of Loyalty

Mirantis next alleges that Becquer breached his duty of loyalty to Mirantis by maintaining dual employment and failing to disclose the nature and extent of his employment with NICE. There is some disagreement about whether California or Minnesota law applies to this claim, but the parties agree that California and Minnesota law are not in conflict for present purposes. The court will therefore defer deciding which state's law applies.

Pointing specifically to California law, Becquer first argues that this claim should be dismissed because there can be no breach of the duty of loyalty absent a fiduciary relationship, which is

7

not alleged to exist here. The court disagrees. In <u>E.D.C.</u> <u>Technologies, Inc. v. Seidel</u>, 216 F. Supp. 3d 1012, 1016 (N.D. Cal. 2016), the court specifically recognized that the tort of breach of the duty of loyalty is a standalone cause of action distinct from that of breach of fiduciary duty. See also <u>Blackbird Tech., Inc.</u> <u>v. Joshi</u>, No. 5:15-4272, 2015 WL 5818067, at *4 (N.D. Cal. Oct. 6, 2015) (internal quotation marks and citations omitted) ("The duty of loyalty is breached, and the breach may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer."); <u>Fields v. QSP,</u> <u>Inc.</u>, No. 10-5772, 2011 WL 1375286, at *3 (C.D. Cal. Apr. 8, 2011) (holding that there is a cause of action for breach of the duty of loyalty under California law, the elements of which are "virtually identical to those for breach of fiduciary duty"). Becquer cites to <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>, No. 04-9049, 2011 WL 8427611 (C.D. Cal. Mar. 28, 2011), for the contrary proposition, but that case preceded <u>E.D.C.</u> and appears to have been rejected in subsequent cases. See <u>Integral Dev. Corp. v. Tolat</u>, No. 12-6575, 2013 WL 5781581, at *3 (N.D. Cal. Oct. 25, 2013); <u>Zayo Grp. LLC v.</u> <u>Hisa</u>, No. 13-752, 2013 WL 12201401, at *7 (C.D. Cal. Sept. 17, 2013). Minnesota likewise recognizes that employees owe their employers a duty of loyalty. <u>Marn v. Fairview Pharm. Servs., LLC</u>, 756 N.W.2d 117, 121 (Minn. Ct. App. 2008).

In order to state a claim for breach of duty of loyalty, a plaintiff must plead: "(1) the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach." E.D.C., 216 F. Supp. 3d at 1016. Mirantis has adequately done so here. See Am. Countercl. ¶¶ 38-41. As a result, the court must also deny this aspect of Becquer's motion.

**IV. Fraud**

Mirantis alleges that Becquer engaged in fraud by falsely reporting to Hartman that he had resigned from NICE effective October 15, 2015. Becquer argues that the claim should be dismissed because Mirantis has not pleaded this claim with specificity as required by Fed. R. Civ. P. 9(b). Becquer contends that Mirantis has failed to identify (1) exactly when he made the statement to Hartman and (2) whether he made the statement in person, over the phone, or via email or text. Although true, the court disagrees that such details are required under the circumstances. The requirements of Rule 9(b) are read "in harmony with the principles of notice pleading," and the level of particularity required depends upon the nature of the case. E-Shops Corp. v. U.S. Bank Nat. Ass'n, 795 F. Supp. 2d 874, 877 (D. Minn. 2011) (citation omitted).

9

Here, Becquer does not require added details to understand and respond to the fraud claim. Mirantis alleges that "shortly after" October 15, 2015, Becquer told Hartman that he had resigned from NICE, even though he had not done so. Am. Countercl. ¶ 43. It would add little at this stage of the litigation to require Mirantis to plead the exact date of the statement and the method by which it was made. As a result, the court finds that Mirantis has adequately pleaded its fraud claim.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss counterclaims [ECF No. 18] is denied.

Dated: September 27, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court