UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.: 18-1072(DSD/HB)

Pedro J. Becquer,

    Plaintiff,

v.                                                      **ORDER**

Mirantis, Inc. and
Marque Teegardin,

    Defendant.

    Jeffrey S Storms, Esq. and Newmark Storms Dworak LLC, 100 South Fifth Street, Suite 2100, Minneapolis, MN 55402, counsel for plaintiff.

    Richard Greiffenstein, Esq., Michael J. Moberg, Esq. and Jackson Lewis, P.C., 225 South Sixth Street, Suite 3850, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendant Marque Teegardin. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This dispute arises out of plaintiff Pedro Becquer's employment with defendant Mirantis, Inc. In July 2015, Becquer, a Minnesota resident, accepted a job as an account executive with Mirantis, a California company. Am. Countercl. ¶¶ 6-8; Compl. ¶¶ 3, 5. At the time, Becquer was employed by NICE Systems, Inc., a New Jersey company. Am. Countercl. ¶ 15; Becquer Decl. ¶ 4.

Rather than resign from NICE, Becquer maintained dual employment throughout his tenure with Mirantis. Defendant Marque Teegardin, a Georgia resident, was a Mirantis employee who indirectly supervised Becquer.[1]  Becquer Decl. ¶ 10; Teegardin Decl. ¶ 2.

Teegardin briefly lived in Minnesota from 1998 to 1999, but he no longer owns or leases property here, nor does he have bank accounts in the state. Teegardin Decl. ¶¶ 6-9. Further, Teegardin does not pay taxes in Minnesota, is not employed in Minnesota, does not have a mailing address in Minnesota, and is not registered to vote in Minnesota. Id. ¶¶ 10-15. Although Teegardin traveled to Minnesota for a one-day meeting with Becquer in November 2015, he did not otherwise travel to Minnesota during his employment with Mirantis. Id. ¶¶ 16-17.

In January 2016, Becquer resigned from Mirantis after deciding to remain with NICE. He resigned in a telephone call with Teegardin, who was in Georgia at the time. Compl. ¶ 31; Teegardin Decl. ¶ 18. Teegardin, who denies knowing previously that Becquer was dually employed by Mirantis and NICE, became angry. Compl. ¶¶ 32-33; Teegardin Supp. Decl. ¶ 19. Teegardin then contacted NICE and disclosed Becquer's dual employment. Compl. ¶¶ 41-43. According to Becquer, Teegardin encouraged NICE to terminate Becquer, and NICE did so. Id. ¶¶ 43, 48.

---

[1] Teegardin has since left Mirantis and now works for Sapho, Inc., a California company.

2

On April 23, 2018, Becquer filed this action against Mirantis and Teegardin alleging tortious interference contract, business relationship, and/or reasonable expectations of economic advantage. Mirantis filed several counterclaims, which Becquer unsuccessfully moved to dismiss. Teegardin now moves to dismiss the claim against him for lack of personal jurisdiction.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements.

See Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak, 384 F.3d at 984 (citation omitted). "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there...." Coen, 509 F.3d at 905 (citation and internal quotation marks omitted).

Contacts with the forum state can establish personal jurisdiction under either general or specific jurisdiction. A forum state has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citation and internal quotation marks omitted). General jurisdiction is present when, regardless of the cause of action, a defendant has "continuous and systematic contacts with the forum state." Coen, 509 F.3d at 905 (citation and internal quotation marks omitted). Under either analysis, the Eighth Circuit considers five factors in determining whether personal jurisdiction exists: "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; and to a lesser degree, (4) the interest of the forum state; and (5) the

4

convenience of the parties." Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc., 65 F.3d 1427, 1432 (8th Cir. 1995).

## II. Specific Jurisdiction

Becquer argues that Minnesota may exercise specific personal jurisdiction over Teegardin because Teegardin knew that Becquer lived and worked in Minnesota, Teegardin effectively supervised Becquer's Minnesota-based work, Teegardin traveled to Minnesota once to meet with Becquer, and Becquer became unemployed in Minnesota due to Teegardin's actions.[2] Teegardin responds that specific jurisdiction is lacking because the above alleged contacts are unrelated to the tort he is accused of committing. The court agrees.

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty., 137 S. Ct. 1773, 1781 (2017) (alteration in original) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). "When there is no such connection, specific jurisdiction is lacking regardless

---

[2] Becquer does not provide any detailed argument or legal support for his position that Teegardin is subject to general jurisdiction in Minnesota. See Pl.'s Opp'n Mem. at 7. The court therefore will not fully address the issue, but notes that the record is insufficient to establish that Teegardin had "continuous and systematic" contacts with Minnesota for purposes of general jurisdiction.

of the extent of a defendant's unconnected activities in the State." Id.

Becquer alleges that Teegardin tortiously interfered with Becquer's employment with NICE by calling NICE in New Jersey (from Georgia) and disclosing Becquer's dual employment after Becquer had resigned from Mirantis. None of the actions alleged took place in Minnesota or were directed to Minnesota. Further, none of the contacts Becquer relies on bear any relationship to the tort alleged. As a result, Becquer has failed to make a prima facie showing that Minnesota has specific personal jurisdiction over Teegardin.

**III. Effects Test**

Becquer also argues that personal jurisdiction over Teegardin exists under the "effects" test set forth in Calder v. Jones, 465 U.S. 783 (1984). The Calder test "allows the assertion of personal jurisdiction over non-resident defendants whose acts are performed for the very purpose of having their consequences felt in the forum state." Dakota Indus., 946 F.2d at 1390-91 (citation and internal quotation marks omitted). In other words, a forum state may obtain specific jurisdiction over a defendant who commits tortious acts "where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered - and which the defendant knew was likely to

be suffered - [in the forum state]." Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010) (alteration in original) (citation and internal quotations marks omitted). Even where the effects of a defendant's actions are felt in the forum state, this test is "merely an additional factor to consider when evaluating a defendant's relevant contacts." Id. at 796-97. "The Eighth Circuit construes the Calder effects test narrowly, holding that 'absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction.'" NexGen HBM, Inc. v. ListReports, Inc., No. 16-3143, 2017 WL 4040808, at *9 (D. Minn. Sept. 12, 2017) (quoting Johnson, 614 F.3d at 794).

Here, the fact that Becquer was affected by Teegardin's conduct in Minnesota is insufficient to meet the Calder test. This is because Becquer has failed to establish that Teegardin's conduct was "uniquely or expressly" aimed at Minnesota. Johnson, 614 F.3d at 796. Teegardin likely knew that Becquer would be affected by his actions in Minnesota, but Calder requires that Teegardin's actions be directed at Minnesota. Id. Instead, the allegations show that Teegardin directed his actions at New Jersey - where NICE was located. Further, the fact that Teegardin knew that Becquer is a Minnesota citizen is not enough. See Wood v. Kapustin, 992 F. Supp. 2d 942, 946 (D. Minn. 2014)(holding that the court did not have personal jurisdiction under Calder where plaintiff alleged that defendants knew she practiced law in Minnesota and intended to

7

harm her reputation as an attorney in Minnesota because the alleged defamatory statements were not aimed at Minnesota). As a result, Teegardin has also failed to make a prima facie showing of personal jurisdiction under the effects test.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 24] is granted; and
2. Defendant Marque Teegardin is dismissed from the action.

Dated: November 9, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court